IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONIA DENHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 3128 ) |
| JO ANNE BARNHART, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Tonia Denham's ("Denham") motion for attorney's fees and costs. For the reasons stated below, we grant the motion in its entirety.

## BACKGROUND

Denham filed her first application for Disability Insurance Benefits and Supplemental Security Income (collectively "SSI Benefits") in May 2000, alleging that she became disabled in January 2000. After a hearing before an Administrative Law Judge ("ALJ"), Denham's first application was denied by an ALJ in August 2001, and by the Social Security Administration ("SSA") Appeals Council in March 2003. Denham appealed the SSA's denial of SSI Benefits to this court, and on July

23, 2004, we entered an opinion remanding the case to the SSA for further proceedings in accordance with our ruling. A second set of hearings before an ALJ were held, and on February 22, 2005, the ALJ again denied Denham's request for SSI Benefits for the time period between January 24, 2000, and August 20, 2001. Denham appealed the ALJ's second denial of her SSI Benefits to this court on May 25, 2005. On May 23, 2006, we remanded the instant action to the ALJ to conduct a new analysis of Denham's claim, and denied the parties' motions for summary judgment ("May 23 Opinion"). Denham is now seeking attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414.

## DISCUSSION

Denham is moving for a total of $9,797.87 in attorney's fees in this case.

I. Whether the SSA was Substantially Justified

Under the EAJA, a district court may award attorney's fees to a claimant in Social Security appeal cases if "(1) the claimant is a 'prevailing party;' (2) the government was not substantially justified in its position; (3) no 'special circumstances' make an award unjust; and (4) the fee application is timely and supported by an itemized statement." *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006)(quoting *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) and 28 U.S.C. § 2412(d)(1)(A), (B)). The Seventh Circuit has stated that "the substantial justification standard [requires] that the government show that its position

2

was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) and *Donovan v. DialAmerica Mkting, Inc.*, 757 F.2d 1376, 1389 (3d Cir. 1985)). A court may award fees under the EAJA "'if either the government's pre-litigation conduct or its litigation position are not substantially justified' [and a] decision by an [ALJ] constitutes part of the agency's pre-litigation conduct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)(quoting *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). The SSA has the burden of showing that its actions were substantially justified. *Id.*

It is uncontested that Denham is a prevailing party in this action, and that her request for attorney's fees is timely. (Resp. 2); *see also Jackson v. Chater*, 94 F.3d 274, 277 (7th Cir. 1996)(finding that a remand to the SSA made the plaintiff a "prevailing party"). In addition, there are no "special circumstances" alleged by the SSA that would make an award of attorney's fees improper. Denham argues that the SSA was not substantially justified in its position in this case because the ALJ failed to properly support his credibility determination. The SSA argues that its credibility determination was substantially justified, even though we found in our May 23 Opinion that the ALJ did not make a proper credibility determination. As we stated in our May 23 Opinion, the applicable SSA regulation states that in making a credibility determination, "[i]t is not sufficient for the adjudicator to make a single,

3

conclusory statement [regarding a claimant's credibility and] [t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling 96-7p; *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)(stating that "[w]hile the ALJ is not required to address every piece of evidence, he must articulate some legitimate reason for his decision [and that] [m]ost importantly, he must build an accurate and logical bridge from the evidence to his conclusion").

In the instant action, the ALJ's entire credibility determination consists of the following conclusory sentence: "The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." (AR 256). However, the body of the ALJ's opinion is several pages long, does not discuss Denham's credibility directly at all, and includes a number of statements that could support a finding that Denham was credible. The ALJ did not in any way explain which of the statements in the body of his decision supported his credibility determination, and thus did not "build [the] accurate and logical bridge from the evidence to his conclusion" that is necessary. *Clifford*, 227 F.3d at 872. This is not a case where, like in *Cunningham v. Barnhart*, which was cited by the SSA, the court had "no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been." *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006).

4

Instead, the ALJ failed to provide any basis upon which this court could review his credibility determination. Accordingly, we find that the SSA's position in this case was not substantially justified.

II. Reasonable Attorney's Fees

Denham is seeking $9,797.87 in attorney's fees in this case, which includes 59.1 hours in attorney time calculated at rates between $156.25 and $161.25 per hour, and 4 hours in legal assistant time. The SSA does not object to the hourly rates sought by Denham, but does object to the number of hours for which Denham is seeking to recover. The SSA does not object to anything specific in Denham's request for attorney's fees, and simply argues that her case was not sufficiently "complicated" to warrant her request for attorney's fees. (Resp. 10). However, this case dealt with complex issues and the administrative record in this action was over 400 pages long. Accordingly, we find that both the hourly rates sought by Denham and the number of attorney and legal assistant hours are reasonable, and grant Denham $9,797.87 in attorney's fees. *See Cuevas v. Barnhart*, 2004 WL 3037939, at *1 (N.D. Ill. 2004)(finding that 58.1 hours of attorney time, charged at a rate of $147.50 per hour, was reasonable in a SSA appeal).

## CONCLUSION

Based on the foregoing analysis, we grant Denham's motion for attorney's fees, and award Denham $9,797.87 in attorney's fees.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 6, 2006